UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRYAN WILBER,

    Plaintiff,

v.                                                      Case No. 06-C-1024

JEREMY ERDMAN, et al.,

    Defendants.

## ORDER OF DISMISSAL

      Plaintiff Brian Wilber sued the Menominee Tribal Police Department and three of its officers under 42 U.S.C. § 1983 for unlawful arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Since the tribe is not a state government, the court questioned whether it had jurisdiction over the action. On November 28, 2006, the court entered an Order to Show Cause directing plaintiff's counsel to indicate the basis for federal jurisdiction. In response to the court's order, plaintiff now seeks leave to withdraw her civil rights claim so that she can file it in tribal court.

      Because the defendants have already answered the complaint, plaintiff may not voluntarily dismiss her lawsuit without an order of the court, and then only upon such terms and conditions as the court deems proper. *See* Fed. R. Civ. P. 41(a). Defendants oppose plaintiff's voluntary withdrawal of her complaint and request that it be dismissed and that sanctions under Rule 11(c) be imposed. Fed. R. Civ. P. 11(c). Rule 11(c) authorizes the court to impose sanctions either on motion of the opposing party or at the court's initiative when a party or attorney files a pleading that

the party or attorney knows, or should know, is legally or factually unsupported. It appears that plaintiff's claim of federal jurisdiction is without support. Despite this fact, I decline to award sanctions in this instance because counsel for plaintiff has not sought to continue the litigation after the issue was brought to her attention.

Under Rule 11(c), a party seeking sanctions against an opponent is required to give 21 days notice of his or her intent to seek sanctions before filing a motion with the court. *See* Fed. R. Civ. P. 11(c)(1)(A); *Methode Electronics, Inc. v. Adam Technologies, Inc.*, 371 F.3d 923, 926 (7th Cir. 2004). The 21 day period serves as a safe harbor to allow the other party to withdraw the challenged pleading and thereby avoid a sanction. There is no evidence here that defendants provided such notice to counsel for plaintiffs. In effect, this court's order to show cause operated as notice to counsel for plaintiff, and she responded by requesting leave to withdraw her pleading. Although notice is not required when the court elects to impose a sanction for a violation of Rule 11 on its own initiative, I decline to proceed in that fashion here. I do not find that counsel for plaintiff acted in bad faith or to harass defendants, but rather from a mistake of law. An argument can certainly be made that counsel should have known that such a claim lacked any basis in law, but since the case has been disposed of with relatively little expense and because §1983 liability is an area of the law that has seen extensive development over time, I decline to impose a sanction on that basis.

Accordingly, this action is dismissed for lack of federal subject matter jurisdiction.

**SO ORDERED** this ___29th___ day of December, 2006.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge